UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SANSOM, | ) | CASE NO. 1:11 CV 1844 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO ADULT PAROLE AUTHORITY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Robert Sansom filed this action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority ("OAPA"). He alleges he was incarcerated as a parole violator after his sentence expired. He seeks monetary damages and release from prison.

**I. BACKGROUND**

Plaintiff entered a plea of guilty in the Cuyahoga County Court of Common Pleas to an amended count of robbery with a violence specification on July 22, 1994.[1] His sentencing was set for August 22, 1994. Plaintiff failed to appear and was subsequently found in jail in Arkansas. A

---

[1] Plaintiff indicates he filed a Petition for Habeas Corpus in this Court and instructs this Court to refer to that case for information. *See Sansom v. Bradshaw*, Case No. 1:10 CV 686 (N.D. Ohio filed April 1, 2010). Factual information was garnered from that case only to the extent it was needed to understand Plaintiff's pleading.

detainer was placed on him and he was returned to Cuyahoga County where he was sentenced to a term of incarceration of three to fifteen years on May 22, 1995.

Plaintiff served approximately seven years of his sentenced before he was released on parole on December 23, 2002. He was declared to be a parole violator at large seven days later on December 30, 2002. He was released again on parole on August 7, 2003 but was declared to be a parole violator at large on August 11, 2003. His parole was revoked in July 2004. He was released a third time on parole in January 2005 and once more violated the terms of his parole in May 2005. His parole again was revoked. He was released on parole a fourth time on February 1, 2006.

Plaintiff began to reside in State of West Virginia with the apparent permission of the OAPA. He had no violations for twenty-eight months. In March 2008, he unilaterally determined that he had served his sentence and stopped reporting to his parole officer. He was declared to be a parole violator at large and a warrant was issued for his arrest. Plaintiff was found and arrested on December 16, 2009. His parole was revoked after a revocation hearing. Lost time was added back to Plaintiff's sentence for all of the times Plaintiff was declared to be a parole violator at large.[2]

Plaintiff filed a Petition for a Writ of Habeas Corpus on April 1, 2010 to contest his most recent parole revocation. *See Sansom v. Bradshaw*, No. 1:10 CV 686 (N.D. Ohio April 1, 2010)(Polster, J.). In his Petition, he raised four grounds for relief, including that the OAPA denied him a fair parole revocation hearing on December 16, 2009. That petition was denied on its merits October 26, 2011. *Id.*

In addition, Plaintiff filed an action against the Ohio Department of Rehabilitation and

---

[2] A total of 872 days of lost time was assessed to Plaintiff.

Correction on May 13, 2010. *See Sansom v. Dep't. of Rehab. and Corr.*, No. 1:10 CV 1076 (N.D. Ohio filed May 13, 2010)(Oliver, J.). In that Complaint, Plaintiff asserted that he had served the fifteen year sentence imposed on him and he should be released. He sought release and monetary damages. The Court determined that Plaintiff could not attack his conviction or sentence in a civil rights action and dismissed the case on July 14, 2010.

Plaintiff now brings this action to challenge the revocation of his parole and his incarceration. He contends his sentence expired prior to the revocation of his parole in 2009. He contends he did not receive a fair hearing before the OAPA.

**II. STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. ANALYSIS

#### A. Res Judicata

As an initial matter, this is the third time Plaintiff has asserted that his sentence expired prior the revocation of his parole and argued that his revocation hearing was unfair. He asserted it first in his Petition for a Writ of Habeas Corpus. *See Sansom v. Bradshaw*, No. 1:10 CV 686 (N.D. Ohio April 1, 2010)(Polster, J.). The Petition was denied on the merits. He asserted this claim again in his civil rights action. *See Sansom v. Dep't. of Rehab. and Corr.*, No. 1:10 CV 1076 (N.D. Ohio filed May 13, 2010)(Oliver, J.). That action was also dismissed on the merits. Plaintiff now asserts the same claim in this action.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes

a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a third time.

 B. <u>Heck v. Humphrey</u>

Moreover, Plaintiff cannot challenge the length of his confinement or attack the validity of his sentence in a civil rights action. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction, sentence, or continued confinement unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). This is clearly an instance where the Court would call into question the validity of Plaintiff's continued confinement if it determined, in opposition to the opinions of two other district court judges, that Plaintiff's sentence indeed expired before his last parole violator warrant was issued. He has not had that sentence or his incarceration

5

overturned by an Ohio Court or by a federal Habeas Corpus Petition. Consequently, this case must be dismissed.

### IV. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


Date: 12/16/11                                         /s/ John R. Adams
                                                       JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.